# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| DUKE W. ZINSER, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No. 4:25-cv-1030 |
| | § | Judge Mazzant |
| VIVINT, LLC and VIVINT, INC., | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Vivint LLC and Vivint, Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. #7) (the "Motion"). Having considered the Motion, the relevant pleadings, and the applicable law, the Court finds that the Motion should be **DENIED**.

## BACKGROUND

This is a patent infringement case. On September 18, 2025, Plaintiff Duke W. Zinser ("Plaintiff") filed this action alleging that Defendants Vivint, LLC and Vivint, Inc. (collectively, "Vivint" or "Defendants") has and continues to infringe one or more claims of U.S. Patent No. 7,583,191 ("the '191 Patent") (Dkt. #1 at ¶ 41). The '191 Patent, entitled "Security System and Method for Use of Same," issued to Plaintiff on September 1, 2009 (Dkt. #1-3 at p. 1). The '191 Patent relates to "security systems and, in particular, to a security system and accompanying method for use of the same for providing remote surveillance and communication with a doorway or other point of entry" (Dkt. #1-3 at p. 6).

In his Complaint, Plaintiff alleges that Vivint has directly infringed and continues to directly infringe one or more of Claims 21–47 of the '191 Patent by "making, having made, using, offering for sale, selling, exporting, and/or importing devices and/or using (including for testing purposes)

a system in the United States" embodying the patented invention in violation of 35 U.S.C. § 271(a) (Dkt. #1 at ¶ 41). Plaintiff further alleges that Vivint has induced infringement by actively encouraging Subscribers and/or purchasers or users to infringe one or more of Claims 21–47 of the '191 Patent by, among other things, "intending and/or instructing such Subscribers and/or customers to use the Accused Instrumentalities and Services in a manner that infringes in violation of 35 U.S.C. § 271(b)" (Dkt. #1 at ¶ 42).[1] Lastly, Plaintiff alleges both pre-suit willful infringement of the '191 Patent or, in the alternative, post-suit willful infringement of the '191 Patent (Dkt. #1 at ¶¶ 44–45).

On December 12, 2025, Defendants filed this Motion to Dismiss, arguing that Plaintiff's Complaint should be dismissed in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. #7 at p. 4). On December 26, 2025, Plaintiff filed its Response arguing that Defendant's motion should be denied or, alternatively, that he should be given leave to amend his complaint (Dkt. #8). On January 2, 2026, Defendants filed their Reply in Support of their Motion (Dkt. #9). On January 9, 2026, Plaintiff filed its Sur-Reply in Opposition to Defendants' Motion (Dkt. #14). The Motion is now ripe for adjudication.

[1] The Accused Instrumentalities and Services include the combination of infringing systems, products, and/or services that are made, used, or offered by Vivint (Dkt. #1 at ¶ 34). For example, the Accused Instrumentalities and Services include, but are not limited to, video doorbells ("Video Doorbell Products"), components of a security system, such as control panels, hubs, and display devices ("System Components"), and accessories to be used with the Video Doorbell Products and/or Vivint System Components, such as, for example, various cameras (outdoor, doorbell, indoor), thermostats, security alarms, door locks, detectors (smoke, CO, hear), sensors (door/window, glass break, water, garage door/tilt), emergency pendants, key fobs, keypads, wireless network devices, smart plugs, light bulbs, outdoor lights, DVR drives, vehicle security devices, doorbell chime extenders, and cables ("Accessory Devices") (Dkt. #1 at ¶ 26).

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen,* 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556

U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co.*, LLC, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

**ANALYSIS**

Defendants argue that the Court should dismiss Plaintiff's Complaint for two reasons. First, Defendants argue that Plaintiff has failed to properly allege direct infringement because there is no allegation that Vivint's products satisfy each of the limitations required by Claims 21–47 of the '191 Patent (Dkt. #7 at p. 4). Second, Defendants argue that Plaintiff has failed to properly allege induced and willful infringement because he does not allege that Vivint had any knowledge of the asserted claims of the '191 Patent (Dkt. #7 at p. 4). The Court addresses each argument in turn.

**I. Direct Infringement**

Defendants argue that Plaintiff's direct infringement claims should be dismissed for two independent reasons: (1) the Complaint does not even attempt to show that any Accused Product or grouping of Accused Products meets any limitation of the asserted claims, much less all limitations of the asserted claims, and (2) the Complaint fails to identify any doorways or cellular telephones allegedly made, used, sold, offered for sale, or imported by Vivint as required by the asserted claims for the claimed system (Dkt. #7 at pp. 7–9). Plaintiff argues in response that Defendants erroneously contend that Plaintiff was required to conduct a claim-by-claim analysis of

the accused products to survive a motion to dismiss (Dkt. #8 at pp. 6–7). Instead, at the pleading stage, Plaintiff contends that his allegation are more than sufficient because the Complaint "alleges ownership of the asserted patent, names each individual defendant, cites the patent that is allegedly infringed, describes the means by which the defendants allegedly infringe, and points to the specific section of the patent law invoked" (Dkt. #8 at pp. 7–9). The Court agrees with Plaintiff.

"To state a claim for direct infringement, a plaintiff must explicitly plead facts to plausibly support the assertion that a defendant without authority makes, uses, offers to sell, or sells any patented invention during the term of the patent." *Advanced Intergrated Cir. Process LLC v. United Microelectronics Corp.*, No. 2:24-CV-623-JRG, 2025 WL 2784244, at *2 (E.D. Tex. Sept. 20, 2025) (citation modified); *see also* 35 U.S.C. § 271(a). A plaintiff, however, need not "prove its case at the pleading stage," nor do the "Federal Rules of Civil Procedure require a plaintiff to plead facts establishing that each element of an asserted claim is met." *AX Wireless LLC v. Lenovo Grp. Ltd.*, No. 2:22-CV-00280-RWS-RSP, 2023 WL 7105701, at *3 (E.D. Tex. Sept. 6, 2023) (citing *In re Bill of Landing Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)). Instead, the complaint must contain sufficient facts to "place the alleged infringer on notice of what activity is being accused of infringement." *Id.* (citation modified).

The Court finds that Plaintiff's Complaint plausibly alleges a claim for direct infringement. To survive this Rule 12(b)(6) motion to dismiss, Plaintiff needs only place Vivint on notice of what activity is being accused of infringement, not prove its case. *Maxwell, Ltd. v. Coretronic Corp.*, No. 5:24-CV-00088-RWS-JBB, 2025 WL 1675347, at *15 (E.D. Tex. May 16, 2025) (citing *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017)). Plaintiff's Complaint satisfies this pleading requirement. The Complaint specifically identified the asserted patent and claims,

described the technology covered by the patent, identified the infringing activity, identified the accused products, and identified how the accused products infringe (*See, e.g.*, Dkt. #1 at ¶¶ 3–4, 16–17, 26, 29, 30–33, 34, 39, 41–45). This is all that is required to adequately state a claim for direct infringement at this stage of the proceedings. *See Estech Sys. IP, LLC v. Grandstream Networks, Inc.*, No. 2:24-CV-1018-RWS-RSP, 2025 WL 2780145, at *2 (E.D. Tex. Sept. 30, 2025) (finding that the plaintiff has sufficiently pleaded direct infringement because it "identified the asserted patent and claim, described the technology covered by the patent, identified the infringing activity, identified the accused product, and identified how the accused product infringes."); *Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*, No. 2:21-CV-00172-JRG, 2022 WL 610796, at *3 (E.D. Tex. Jan. 24, 2022) ("By identifying a particular feature (the NXP chipset which controls the engine's throttle plate) from a particular product (at least the Nissan Altima, Nissan Pathfinder, Infinite Q60, and the engine control modules there) that allegedly infringes a particular claim (claim 7 of the '850 patent), [defendant] cannot contend that it lacks notice of [plaintiff]'s claims.").

Indeed, requiring Plaintiff to provide an element-by-element analysis of the asserted claims at the pleading stage—before the parties have even conducted discovery or fully fleshed out their theories—would place too onerous of a burden on Plaintiff. *See Greenthred, LLC v. OmniVision Tecs., Inc.*, No. 2:23-CV-00157-JRG, 2023 WL 8653155, at *3 (E.D. Tex. Dec. 14, 2023). Such a requirement would improperly impose a higher pleading standard than what is required by *Twombly-Iqbal* or Federal Rule of Civil Procedure 8(a). *See Optimum Imaging Techs. LLC v. Canon Inc.*, No. 2:19-CV-00246-JRG, 2020 WL 10357165, at *2 (E.D. Tex. May 1, 2020) ("In essence, [defendant] asserts that [plaintiff] must include element-by-element factual allegations within the complaint to properly state a claim for direct infringement, an argument that this [c]ourt has

repeatedly denied as improperly demanding more than is required by *Twombly-Iqbal* or Federal Rule of Civil Procedure 8(a)."); *Opticurrent, LLC v. Power Integrations, Inc.*, No. 2:16-CV-325-JRG, 2016 WL 9275395, at *4 (E.D. Tex. Oct. 19, 2016) ("The plaintiff is not required to exhaustively detail its claims and theories of infringement in the [c]omplaint—Rule 8 simply requires a 'short and plain statement of the claim showing that the pleader is entitled to relief.' Indeed, the Local Patent Rules requiring infringement contentions would be superfluous if the federal rules required such an exhaustive pleading standard." (citation modified)).

Therefore, the Court finds that Plaintiff's Complaint has alleged sufficient facts to plausibly state a claim for direct infringement. Accordingly, Defendants' motion to dismiss Plaintiff's direct infringement claims is denied.

**II. Induced Infringement**

Defendants argue that Plaintiff's induced infringement claims should be dismissed for two independent reasons: (1) the Complaint does not plausibly allege any underlying direct infringement, and (2) the Complaint fails to allege that Vivint had the requisite knowledge that its action would induce actual infringement (Dkt. #7 at p. 9). Plaintiff argues in response that the Complaint sufficiently alleges that Vivint had the requisite knowledge through two means: prosecution of multiple Vivint patents where the '191 Patent was cited and the filing of the Complaint (Dkt. #8 at p. 12). Consequently, Plaintiff argues that Defendant's motion to dismiss his induced infringement claims should be denied (Dkt. #8 at p. 14).

To state a claim for induced infringement, a plaintiff must (1) adequately plead direct infringement by a third party; (2) contain facts plausibly showing that defendant specifically intended for the third party to infringe the asserted patents; and (3) contain facts plausibly showing that defendant knew the third party's act constituted infringement. *Freedom Pats. LLC v. DISH*

*Network Corp.*, No. 4:23-CV-00303, 2024 WL 7020064, at *2 (E.D. Tex. Mar. 28, 2024). "The requirement that the alleged infringer knew or should have known his actions would induce actual infringement necessarily includes the requirement that he or she knew of the patent." *Arigna Tech. Ltd.*, 2022 WL 610796, at *4. "Knowledge of infringement alone, however, is not enough. Inducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *Id.*

The Court finds that Plaintiff's Complaint plausibly alleges a claim for induced infringement. With respect to Defendants' argument that Plaintiff's induced infringement claims fail to plausibly allege any underlying direct infringement, the Court has already found that Plaintiff sufficiently alleged direct infringement, *see supra* Section I, and therefore finds that this argument fails. Regarding Defendants' argument that Plaintiff's induced infringement claims should be dismissed because Plaintiff does not plausibly allege the required pre-suit knowledge of the '191 Patent, the Court finds that this argument is without merit. Courts in this district have long recognized that "failing to allege pre-suit knowledge of the patent is not an adequate basis upon which to dismiss indirect infringement claims." *See, e.g.*, *Arigna Tech. Ltd.*, 2022 WL 610796, at *4; *Uniloc USA, Inc. v. Motorola Mobility LLC*, No. 2:16-CV-989-JRG, 2017 WL 3721064, at *4 (E.D. Tex. May 15, 2017); *Opticurrent*, 2016 WL 9275395, at *2; *Tierra Intelectual Borinquen, Inc. v. ASUS Comput. Int'l, Inc.*, No. 2:13-CV-33-JRG, 2014 WL 1233040, at *2 (E.D. Tex. Mar. 24, 2014); *see also Ultravision Techs., LLC v. GoVision, LLC*, No. 2:18-CV-00100-JRG, 2020 WL 896767, at *11 (E.D. Tex. Jan. 20, 2020) (nothing that at the 12(b)(6) stage there "is not pre-suit knowledge requirement to establish induced infringement."). Here, it is undisputed that Plaintiff adequately alleged that Vivint has had knowledge of the '191 Patent "since at least the filing date of this

Complaint," which is sufficient to plausibly allege knowledge of the asserted patent at the pleading stage. *See RightQuestion, LLC v. Samsung Elecs. Co.*, No. 2:21-CV-00238-JRG, 2022 WL 507487, at *3 (E.D. Tex. Feb. 18, 2022) ("The fact that [plaintiff] has properly alleged induced infringement . . . and that [defendant] undisputedly had actual knowledge of the [a]sserted [p]atents as of the service of the [c]omplaint is enough at this preliminary stage."). Indeed, as explained by numerous courts in this district, "it would be premature at this early stage in the proceedings to distinguish between pre-suit and post-filing conduct for the purposes of induced infringement when it cannot be disputed that Plaintiff *does* sufficiently plead that Defendants had knowledge of the Asserted Patent[] for at least some time during the infringement period." *BillJCo, LLC v. Cisco Sys., Inc.*, No. 2:21-CV-00181-JRG, 2021 WL 6618529, at *6 (E.D. Tex. Nov. 30, 2021) (citation modified) (collecting cases).

Therefore, the Court finds that Plaintiff's Complaint has alleged sufficient facts to plausibly state a claim for induced infringement. Accordingly, Defendants' motion to dismiss Plaintiff's induced infringement claims is denied.

## III. Willful Infringement

Defendants argue that Plaintiff's pre-suit willful infringement claims should be dismissed because the Complaint fails to plausibly allege that Defendants had the requisite pre-suit knowledge

of the asserted claims of the '191 Patent (Dkt. #7 at p. 14).[2] Specifically, Defendant contends that Plaintiff has made no allegations in the Complaint that they had any pre-suit knowledge of the newly-issued reexamination claims now asserted or the reexamination itself (Dkt. #7 at pp. 10–14). Plaintiff argues in response that his allegations regarding Vivint's knowledge are sufficient to withstand a motion to dismiss (Dkt. #8 at p. 12).

As an initial matter, the Court notes that it interprets the Complaint to allege both pre-suit and post-suit willful infringement claims of the '191 Patent. This interpretation of the Complaint is supported by Plaintiff's assertions therein. Regarding Defendants' knowledge of the '191 Patent, the Complaint specifically alleges that "Vivint has had knowledge of the '191 Patent since at least 2016 based on its filings with the United States Patent and Trademark Office or, in the alternative, since at least the filing date of this Complaint. Despite this knowledge, Vivint has continued to infringe the '191 Patent and such infringement has been willful" (Dkt. #1 at ¶¶ 44–45). While Plaintiff's Complaint does not explicitly use the words "pre-suit" or "post-suit," these allegations are consistent with pre-suit and post-suit willful infringement claims. *See Data Health Partners, Inc. v. Teladoc Health, Inc.*, 734 F. Supp. 3d 315, 328 (D. Del. 2024) ("The pleading language 'before the filing of the complaint on February 13, 2023' suggests that these are allegations for pre-suit

---

[2] The Court notes that Defendants do not dispute that Plaintiff's Complaint plausibly alleges a claim for post-suit willful infringement (*See* Dkt. #7 at pp. 10–14; Dkt. #9 at pp. 11–12). By failing to raise this argument in their motion to dismiss, Defendants have waived it. *See Jones v. Cain*, 600 F.3d 527, 540 (5th Cir. 2010) ("Argument raised for the first time in a reply brief are generally waived."). But even if this argument were properly before the Court, it would fail on the merits. Courts in this district have repeatedly held that "allegations that a defendant continues its allegedly infringing conduct even after receiving notice of a complaint are sufficient to at least state a claim for post-suit willful infringement." *See, e.g.*, *Advanced Coding Techs. LLC v. Google, LLC*, 759 F. Supp. 3d 755, 760 (E.D. Tex. 2024); *Touchstream Techs., Inc. v. Altice USA*, No. 2:23-CV-00060-JRG, 2024 WL 1117930, at *3 (E.D. Tex. Mar. 14, 2024); *Arigna Tech. Ltd.*, 2022 WL 610796, at *6. Here, Plaintiff's Complaint alleges, among other things, that Vivint has had knowledge of the '191 Patent "since at least the filing date of this Complaint," and yet continues to infringe the patent (Dkt. # 1 at ¶¶ 44–45). Therefore, the Court finds that Plaintiff's Complaint has alleged sufficient facts to plausibly state a claim for post-suit willful infringement.

willful infringement claims."); *Arigna Tech. Ltd.*, 2022 WL 610796, at *6 ("allegations that a defendant continues its allegedly infringing conduct even after receiving notice of a complaint are sufficient to at least state a claim for post-suit willful infringement."). Under these circumstances, courts in this district find it appropriate to consider pre-suit and post-suit allegations of knowledge and intent separately. *See, e.g.*, *Network Sys. Techs., LLC v. Tex. Instruments Inc.*, No. 2:22-CV-000482-RWS, 2023 WL 12278025, at *2 (E.D. Tex. Sept. 25, 2023) ("[C]onsidering pre-suit and post-suit allegations of knowledge and intent separately is consistent with recent decisions in this district, as well as the decisions of out-of-circuit courts.").

The Court finds that Plaintiff's Complaint plausibly alleges a claim for pre-suit willful infringement of the '191 Patent. It is true, as Defendants contend, that reexamination may limit a plaintiff's potential recovery only to damages for the time period after reexamination unless the reexamined claims are substantively "identical" to the original claims. *See Convolve, Inc. v. Compaq Computer Corp.,* 812 F.3d 1313, 1322 (Fed. Cir. 2016) ("A patentee of a patent that survives reexamination is only entitled to infringement damages for the time period between the date of issuance of the original claims and the date of the reexamined claims if the original and the reexamined claims are substantially identical." (citation modified)). However, the Court finds that it would be inappropriate to resolve this issue at the pleading stage. *See VideoShare, LLC v. Google LLC*, No. 6-19-CV-00663-ADA, 2020 WL 6365543, at *6 (W.D. Tex. May 4, 2020) ("[T]he Court believes comparing the scope of a patent [at] this early stage in the litigation is inappropriate without the benefit of formal claim construction."); *Tas Energy, Inc. v. San Diego Gas & Elec. Co.*, No. 12CV2777-GPC(BGS), 2013 WL 4500880, at *2 (S.D. Cal. Aug. 21, 2013) ("Courts must look at the scope of the original and reissued claims in light of the specification, with attention to the

references that occasioned the reissue as well as the prosecution history and any other relevant information. Therefore, the issue of whether the claims are substantially identical is most appropriately decided after claim construction and not at the pleading stage." (citation modified)). To survive a Rule 12(b)(6) motion to dismiss, "a plaintiff must plausibly allege that the defendant knew of the asserted patent before the plaintiff filed the lawsuit." *Signode Indus. Grp. LLC v. Samuel, Son & Co.*, No. 2:24-CV-00080-JRG, 2024 WL 3543408, at *2 (E.D. Tex. July 25, 2024). Here, Plaintiff alleges that Vivint has known about the '191 Patent since at least 2016 by citing it during the prosecution of two of its own patents (Dkt. #1 at ¶¶ 23, 44). This is all that is required to survive a motion to dismiss. *See, e.g.*, *Blitzsafe Tex., LLC v. Volkswagen Grp. of Am., Inc.*, No. 2:15-CV-1274-JRG-RSP. 2016 WL 4778699, at *6 (E.D. Tex. Aug. 19, 2016) (finding that defendant's citing the patent application of the patent-in-suit in its own patent application provided a reasonable basis for inferring that it had pre-filing knowledge of that patent), *report and recommendation adopted*, No. 2:15-CV-1274-JRG-RSP, 2016 WL 4771291 (E.D. Tex. Sept. 13, 2016).

Therefore, the Court finds that Plaintiff's Complaint has alleged sufficient facts to plausibly state a claim for pre-suit willful infringement. Accordingly, Defendants' motion to dismiss Plaintiff's pre-suit willful infringement claims is denied.

## CONCLUSION

It is therefore **ORDERED** that Defendants Vivint LLC and Vivint, Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. #7) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 27th day of August, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE