# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| DUKE W. ZINSER, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No. 4:25-cv-01030 |
| | § | Judge Mazzant |
| VIVINT LLC AND VIVINT, INC., | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Vivint LLC and Vivint, Inc.'s Motion to Partially Strike Plaintiff's Infringement Contentions (Dkt. #22). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED**.

## BACKGROUND

This is a patent infringement case. Plaintiff asserts U.S. Patent 7,583,191 (the " '191 Patent") entitled "Security system and method for use of same." The '191 Patent issued September 1, 2009, to Plaintiff. On June 19, 2024, Plaintiff filed a Request for *Ex Parte* Reexamination of the '191 Patent where Plaintiff identified prior art references and presented two Substantial New Questions of Patentability ("SNQs") covering claims 1-20. The Request stated that several dependent claims "depend directly or indirectly from independent claims" and so "inherit all features and limitations of the base claim from which they depend" and are therefore invalid and subject to reexamination "for at least the reasons as set forth with respect to" the independent claims.

On July 31, 2024, the United States Patent and Trademark Office ("PTO") issued a "Decision Sua Sponte Vacating *Ex Parte* Reexamination Filing Date." The PTO noted that the Request was incomplete regarding the dependent claims because "the Request does not provide

any explanation of which teachings within [the cited prior art] meet or suggest the limitations of claims 2–7, 9–13, 15–18, and 20."

On August 15, 2024, Plaintiff filed a Corrected Request narrowing the reexamination to just the independent claims (1, 8, 14, and 19). The reexamination proceeded on those independent claims, resulting in a Reexamination Certificate issued September 18, 2025, that canceled original independent claims 1, 8, 14, and 19 and issued new claims 21 to 47 by amendment. The Reexamination certificate noted that the Asserted Dependent Claims were not reexamined.

On June 10, 2026, Defendants Vivint LLC and Vivint, Inc. ("Defendants") filed their Motion to Partially Strike Plaintiff's Infringement Contentions (Dkt. #22). On June 24, 2026, Plaintiff responded (Dkt. #26). Defendants replied on June 29, 2026; Plaintiff filed a sur-reply on July 6, 2026 (Dkt. #27; Dkt. # 28).

## LEGAL STANDARD

"The Local Patent Rules exist to further the goal of full, timely discovery and provide all parties with adequate notice of information with which to litigate their cases." *Fenner Invs., Ltd. v. Hewlet-Packard Co.*, No. 6:08-CV-273, 2010 WL 786606, at *2 (E.D. Tex. Feb. 26, 2010) (citation modified). The Patent Rules are designed to force litigants to crystalize their theories of the case early in the litigation and to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases. *Virginia Innov. Sciences, Inc. v. Amazon.com, Inc.*, No. 4:18-CV-474, 2020 WL 1275786, at *1 (E.D. Tex. Mar. 17, 2020).

Contentions "are not intended to require a party to set forth a *prima facie* case of infringement and evidence in support thereof." *Dynamic Applet Techs., LLC v. Mattress Firm, Inc.*, No. 4:17-cv-00860, 2019 WL 1370858, at *3 (E.D. Tex. Mar. 26, 2019). Further, infringement

contentions "are not meant to provide a forum for litigation of the substantive issues; they are merely designed to streamline the discovery process." *STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F. Supp. 2d 754, 755 (E.D. Tex. 2004).

"Striking [infringement contentions] is an extreme decision comparable to determining whether evidence should be excluded for discovery violations." *Eolas Tech. Inc. v. Amazon.com, Inc.*, No. 6:15-cv-1038, 2016 WL 7666160, at *1 (E.D. Tex. Dec. 5, 2016) (citation modified). Courts are thus hesitant to strike contentions without evidence of unreasonable delay and prejudice. *Id.*

**ANALYSIS**

Defendants bring the motion to strike all contentions regarding original dependent claims 5, 7, and 15 to 18 (the "Asserted Dependent Claims") of the '191 Patent from Plaintiff's Disclosure of Asserted Claims and Infringement Contentions ("Infringement Contentions") (Dkt. #22 at p. 1). The basis for Defendants' arguments are statements made by Plaintiff to the PTO in a Request for *Ex Parte* Reexamination of the '191 Patent (the "Request"). Specifically, Plaintiff stated that the Asserted Dependent Claims "are obvious" and "are invalid" (Dkt. #22 at p. 1). The parties' dispute turns on two issues: first, whether statements made by the patentee in a request for *ex parte* reexamination are binding admissions; and if so, whether those binding admissions can overcome the presumption of validity under 35 U.S.C. § 282. The Court will address each issue in turn.

First, Defendants argue that Plaintiff's statements to the PTO are binding admissions that the Asserted Dependent Claims are invalid as part of the prosecution history of the '191 patent. (Dkt. #22 at pp. 5–6). In response, Plaintiff argues that statements made during prosecution to *obtain* a patent are distinguishable from statements made while filing a request for reexamination on a previously issued patent (Dkt. #26 at p.1).

The Federal Circuit has found that "[t]he public notice function of a patent and its prosecution history requires that a patentee be held to what he declares during the prosecution of his patent." *Springs Window Fashions LP v. Novo Industries, L.P.*, 323 F.3d 989, 995 (Fed. Cir. 2003). A patent's prosecution history includes both arguments made during the original prosecution of the patent, but also statements in reexamination requests, even where the requests do not lead to reexamination or claim amendments. *Cole v. Kimberly-Clark Corp.*, 102 F.3d 524, 532 (Fed. Cir. 1996) (finding Plaintiff surrendered claim scope in her request for reexamination). Accordingly, the Court finds that the statements made to the PTO during Plaintiff's Request for *Ex Parte* Reexamination are part of the prosecution history of the '191 Patent. Thus, the Court will move to the second issue of whether such statements overcome the presumption of validity.

Plaintiff contends that the '191 Patent remains presumptively valid absent a ruling that the Asserted Dependent Claims are invalid (Dkt. #26 at p. 1). Defendants contend that this is a "strawman argument" that "misses the point" (Dkt. #27 at p. 5). Defendants further argue that Plaintiff's voluntary admission that the Asserted Dependent Claims "are invalid" makes the presumption of validity irrelevant (Dkt. #27 at p. 5).

"A patent shall be presumed valid . . . The burden of establishing validity of a patent or any claim thereof shall rest on the party asserting such invalidity." 35 U.S.C. § 282. The patent challenger bears the burden of proving the factual elements of invalidity by clear and convincing evidence. *Pfizer, Inc. v. Apotex, Inc.*, 480 F.3d 1348, 1359 (Fed. Cir. 2007).

Plaintiff is correct that the "Asserted Dependent Claims were never invalidated, canceled, amended, or even reexamined by the PTO" (Dkt. #28 at p. 5). Although Defendant's argument regarding prosecution history estoppel may ultimately prove to be successful, the Court will not

determine the validity of the Asserted Dependent Claims at this time. Until the patent is determined invalid by a substantive order of the Court or by a jury, Plaintiff should still be afforded protection by the long-standing presumption of validity of that patent. Thus, the Court will deny Defendants' request to strike Plaintiff's Infringement Contentions on the basis the Plaintiff's statement to the PTO automatically invalidated the Asserted Dependent Claims.

## CONCLUSION

It is therefore **ORDERED** that Defendants Vivint LLC and Vivint, Inc.'s Motion to Partially Strike Plaintiff's Infringement Contentions (Dkt. #22) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 24th day of September, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE