# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| DUKE W. ZINSER, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No. 4:25-cv-1030 |
| | § | Judge Mazzant |
| VIVINT LLC and VIVINT, INC., | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Strike Plaintiff's Overlength Partial Motion to Dismiss (Dkt. #52) (the "Motion"). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED**.

On October 13, 2026, Plaintiff filed a Partial Motion to Dismiss (the "Partial Motion to Dismiss") seeking dismissal of Counts IV (Declaratory Judgment of Unclean Hands) and VI (Declaratory Judgment of Unenforceability Based on Inequitable Conduct) of the Amended Answer and Counterclaims filed by Defendants (Dkt. #52). The Partial Motion to Dismiss is 30 pages. Any response by Defendant is due on October 27, 2026.

On October 15, 2026, Defendant filed this Motion requesting the Court strike Plaintiff's Partial Motion to Dismiss because the Local Rules limit non-dispositive motions to fifteen pages, absent leave of court (Dkt. #53). On October 19, 2026, Plaintiff filed an opposition arguing that the Partial Motion to Dismiss is dispositive and therefore, the thirty-page limit applies (Dkt. #58). Plaintiff's opposition further asks in the alternative to extend the page limit to thirty pages so that the Partial Motion to Dismiss, as filed, complies and grant Defendant a corresponding thirty pages for its response (Dkt. #58 at p. 9). On October 20, 2026, Defendant replied (Dkt. #59).

Under Local Rule 7-a(a), "[c]ase dispositive motions shall not exceed thirty pages, excluding attachments, unless leave of court is first obtained." L.R. CV-7(a)(1). Additionally, "[n]on-dispositive motions shall not exceed fifteen pages, excluding attachments, unless leave of court is first obtained." L.R. CV-7(a)(2). Local Rule 7(a)(2) further gives examples of non-dispositive motions, listing "among others, motions to transfer venue, motions for partial summary judgment, and motions for new trial pursuant to Fed. R. Civ. P. 59." L.R. CV-7(a)(2). The Eastern District of Texas has clarified that "for purposes of page limitations, dispositive motions are motions that dispose of an entire case, not just certain issues or claims." General Order 10-1. Thus, the Court finds that for purposes of page limitations, Plaintiff's Partial Motion to Dismiss is a non-dispositive motion like a motion for partial summary judgment. *See* L.R. CV-7(a)(2). Accordingly, the Court finds that the Partial Motion to Dismiss does not comply with the page limits set forth in the Local Rules. Nonetheless, rather than strike the Partial Motion to Dismiss, the Court exercises its discretion to retroactively extend the page limit to 30 pages. *See Gray v. Winco Foods, LLC,* No. 4:20-cv-791, 2022 WL 18859537 (E.D. Tex. Jul. 13, 2022). To mitigate any unfairness or prejudice to Defendants, the Court also grants Defendants a thirty-page limit for any response in opposition to the Partial Motion to Dismiss.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Strike Plaintiff's Overlength Partial Motion to Dismiss (Dkt. #53) is hereby **DENIED.**

It is further **ORDERED** that Defendants' may file a response in opposition to the Partial Motion to Dismiss of up to 30 pages.

It is further **ORDERED** that Defendants' Motion to Expedite Briefing on the Motion to Strike and Order Response by Monday, October 19, 2026 (Dkt. #54) is hereby **DENIED as moot.**

**IT IS SO ORDERED.**

**SIGNED this 20th day of October, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE