# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| DUKE W. ZINSER, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No. 4:25-cv-1030 |
| | § | Judge Mazzant |
| VIVINT, LLC and VIVINT, INC., | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Protective Order (Dkt. #71). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED.**

## BACKGROUND

### I. Procedural History

On September 18, 2025, Plaintiff Duke W. Zinser ("Plaintiff") filed this action alleging that Defendants Vivint, LLC and Vivint, Inc. (collectively, "Vivint" or "Defendants") have and continue to infringe one or more claims of U.S. Patent No. 7,583,191 ("the '191 Patent") (Dkt. # 1 at ¶ 41). The '191 Patent, entitled "Security System and Method for Use of Same," issued to Plaintiff on September 1, 2009 (Dkt. #1-3 at p. 1). The '191 Patent relates to "security systems and, in particular, to a security system and accompanying method for use of the same for providing remote surveillance and communication with a doorway or other point of entry" (Dkt. #1-3 at p. 6).

In his Complaint, Plaintiff alleges that Defendants have directly infringed and continue to directly infringe one or more of Claims 21–47 of the '191 Patent by "making, having made, using, offering for sale, selling, exporting, and/or importing devices and/or using (including for testing

purposes) a system in the United States" embodying the patented invention in violation of 35 U.S.C. § 271(a) (Dkt. #1 at ¶ 41). Plaintiff further alleges that Defendants have induced infringement by actively encouraging Subscribers and/or purchasers or users to infringe one or more of Claims 21–47 of the '191 Patent by, among other things, "intending and/or instructing such Subscribers and/or customers to use the Accused Instrumentalities and Services in a manner that infringes in violation of 35 U.S.C. § 271(b)" (Dkt. #1 at ¶ 42). Lastly, Plaintiff alleges both pre-suit willful infringement of the '191 Patent or, in the alternative, post-suit willful infringement of the '191 Patent (Dkt. #1 at ¶¶ 44–45).

In their Amended Answer, Affirmative Defenses, and Counterclaims to Plaintiff's Complaint for Patent Infringement, Defendants assert the affirmative defenses of unclean hands and inequitable conduct, among others (Dkt. #41 at pp. 10–11). Defendants also bring six counterclaims. Defendants allege "attorneys at Cole Schotz, including at least Mr. Sorden and Mr. Craddock, obtained and reviewed confidential internal Vivint documents and Vivint source code concerning the operation of the accused products in this litigation as part of their work in the SBIP Litigation"[1] then while being "bound by the Protective Order and the Addendum to the Protective Order in the SBIP Litigation," . . ."prepared the substantive filings in the reexamination, including claim amendments that ultimately issued as claims 21-27 in the reexamination" (Dkt. #51 at ¶¶ 146–48). Defendants also allege that Plaintiff "withheld the Schranz reference from the USPTO during" the reexamination proceedings of the '191 Patent (Dkt. #51 at ¶ 173). Defendant alleged this "failure to disclose the Schranz reference was done with intent to deceive the USPTO into issuing claims to which [Plaintiff] had no right" (Dkt. #151 at ¶ 176).

[1] "SBIB Litigation" refers to *SB IP Holding LLC v. Vivint, Inc.*, 4:21-cv-912 (E.D. Tex.).

## II. Factual History

Cole Scholtz represented Skybell, the parent company of SB IP Holding LLC ("SBIP") in the SBIP Litigation before this Court (Dkt. #72 at p. 6). As part of that representation, several attorneys at Cole Scholtz had access to Defendants' protected documents and source code under a protective order (Dkt. #72 at p. 6). Around April 2024, Plaintiff engaged Cole Scholtz as his attorney for the re-examination of the '161 Patent[2] (Dkt #72 at p. 11). At least three Cole Scholtz lawyers who had access to the Defendants' protected documents and source code sent claim amendments, arguments, and summaries of the reexamination to Plaintiff (Dkt. #72 at p. 6).

Plaintiff and Cole Sholtz met by Phone in August or September 2023 (the "2023 Discussions") (Dkt. #72 at p. 6). Both parties agree that the 2023 Discussions related to due diligence conducted by Plaintiff for a loan between Plaintiff and SkyBell (Dkt. #71 at p. 6; Dkt. #72 at p. 16). The parties dispute the characterization of the loan. According to Plaintiff, the loan was for "providing litigation funding for the SB Litigation case" (Dkt. #71 at p. 9). According to Defendant, the loan agreement was the result of negotiating the restructuring of Skybell's debt to Plaintiff (Dkt. #72 at p. 16). The agreement does not make payment of the loan contingent on the outcome of the litigation, and the agreement does not require Skybell to use the funds in any particular way (Dkt. #72 at p. 7).

On November 6, 2026, Plaintiff filed its Motion for Protective Order (Dkt. #71). On November 11, 2026, Defendants filed their Response (Dkt. # 72). On November 16, 2026, Plaintiff filed its Reply (Dkt. #76). The Motion is now ripe for adjudication.

---

[2] At the time of the communications in dispute, Cole Sholtz represented SkyBell (Dkt. 71 at p. 10). Plaintiff was a shareholder of SkyBell, SBIP's parent company (Dkt. 71 at p. 10).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." FED. R. CIV. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* The Local Rules of the Eastern District of Texas provide that information is "relevant to any party's claim or defense [if]: (1) it includes information that would not support the disclosing parties' contentions; . . . (4) it is information that deserves to be considered in the preparation, evaluation or trial of a claim or defense. . . ." Local Rule CV-26(d). It is well established that "control of discovery is committed to the sound discretion of the trial court." *Torrey v. Infectious Diseases Soc'y of Am.*, 334 F.R.D. 79, 83 (E.D. Tex. 2019) (quoting *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987)).

Federal Rule of Civil Procedure 26(c) provides that the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The burden is on the movant to establish that a protective order is necessary, which requires a "specific demonstration of fact rather than mere conclusory statements." *See, e.g.*, *Caraway v. Chesapeake Expl. LLC*, 269 F.R.D. 627, 628 (E.D. Tex. 2010) (internal quotation marks and citation omitted). Therefore, a protective order is warranted in those instances in which the movant demonstrates good cause and a specific need for protection. *See, e.g.*, *In re Deutsche Bank Tr. Co. Americas*, 605 F.3d 1373, 1378 (Fed. Cir. 2010). The Court has broad discretion in determining whether to grant a motion for protective order because it is "in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *Seattle*

*Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *see also Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985).

## ANALYSIS

Defendants seek documents and a second deposition of Plaintiff regarding discussions between Plaintiff and Cole Schotz, Plaintiff's current counsel, in the late summer of 2023, before Plaintiff and Cole Schotz entered into an engagement agreement (Dkt. #71 at p. 5). Plaintiff seeks a protective order regarding discussions, communications, documents, and/or emails between Plaintiff and Cole Schotz regarding the 2023 Discussions (Dkt. #71 at p. 16).

The Court first notes that any argument regarding the appropriateness of the requested discovery considering Plaintiff's Motion to Dismiss (Dkt. #52) are now moot. Plaintiff's Motion to Dismiss was denied on November 20, 2026 (Dkt. # 81).

Plaintiff argues that the basis of the 2023 Discussions was litigation funding and therefore the conversations are protected work product (Dkt. #71 at p. 10). Defendants first argue that the work product doctrine pertains to documents and tangible things, not conversations (Dkt. #72 at p. 14). However, the work product doctrine insulates a lawyer's research, analysis, legal theories, mental impressions, notes and memoranda of witness' statements from an opposing counsel's inquiries." *United States v. Homeward Residential, Inc.*, No. 4:12-CV-461, 2016 WL 1031154 at *2 (E.D. Tex. Mar. 15, 2016) (citing *Dunn v. State Farm Fire & Cas. Co.*, 122 F.R.D. 507, 510 (N.D. Miss. 1988). The Fifth Circuit has clarified that the work-product doctrine applies to "both tangible and intangible work product." *Adams*, 973 F.3d at 349–50. Therefore, the Court finds that Cole Schotz' mental impressions and legal theories of the SBIP case may be protected work product. Because Cole Schotz discussed these mental impressions and legal theories with

Plaintiff, a non-client, the Court must also determine if the work-product protections were waived or if the protection can be appropriately extended under the common legal interest doctrine.

The common interest privilege "is not a separate privilege, but is a rule of non-waiver" that "exten[ds] ... the work product doctrine" by creating "an exception to the general rule that the privilege is waived upon disclosure of privileged information with a third party." *United States v. Ocwen Loan Servicing, LLC*, No. 4:12-CV-543, 2016 WL 1031157, at *5 (E.D. Tex. Mar. 15, 2016) (internal alterations and quotation marks omitted). Pursuant to this exception, attorney-client privilege and work product protection are not waived by "(1) communications between co-defendants in actual litigation and their counsel; and (2) communications between potential co-defendants and their counsel." *Sparling v. Doyle*, No. EP-13-CV-323-DCG, 2014 WL 12489987, at *15 (W.D. Tex. Aug. 18, 2014) (citing *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001)).

A shared rooting interest in the successful outcome of a case is not a common legal interest. *Homeward Residential, Inc.*, 2016 WL 1031154, at *6. However, this Court has recognized that "[l]itigation funders have an inherent interest in maintaining the confidentiality of potential clients' information." *Id.* Regardless of whether the loan was labeled as a litigation funding agreement, the same policy applies. Plaintiff "was a part owner of SkyBell, SBIP's parent, and the licensor of the '191 Patent to SkyBell; he understood the call as one 'as an investor in SkyBell'; and his return on the loan turned in part on SBIP prevailing" (Dkt. #76 at p. 3). Even though Defendant argues that an alignment in interests like those of a traditional litigation funder are not present here, because Plaintiff and SkyBell were adverse parties during the loan negotiations (Dkt. #73 at p. 15), Plaintiff "would hardly advance his business interests by gratuitously informing an applicant's adversary in litigation about funding inquiries from that company." *Homeward Residential, Inc.*,

2016 WL 1031154, at *6. Therefore, the Court finds that the common interest doctrine properly extends the work-product doctrines to cover the 2023 Discussions. Accordingly, the Court finds that a protective order is appropriate in this case regarding discussions, communications, documents, and/or emails relating to litigation funding between Plaintiff and Cole Schotz in late summer 2023[3] (Dkt. #71 at p. 16).

## III. Relevance

Finally, Plaintiff argues that regardless of privilege, the 2023 Discussions are irrelevant because the discussions involved potentially funding a different lawsuit against Vivint (Dkt. #71 at p. 14). The Court disagrees. The SBIP Litigation is relevant to Defendants' unclean hands counterclaim as well as the intervening rights analysis. Further, the SBIP Litigation in general is certainly relevant to this case, especially where Plaintiff has equated the SBIP Litigation with this one by requesting Defendants reproduce their entire production and comparing work product between the two cases (Dkt. #72 at pp. 11–12) Thus, the Court finds that the SBIP Litigation is relevant to this case.

To the extent Defendants continue to seek discovery from Plaintiff on these issues, any communications, documents, and/or emails related to litigation funding shall be excluded from discovery. Any subsequent deposition of Plaintiff shall be limited to 15 minutes, unless Defendants show good cause for an extension of time.

---

[3] Because the Court finds that the 2023 Discussions are work product, the Court will not address the arguments whether the 2023 Discussions were made in furtherance of forming an attorney-client relationship nor that Plaintiff's status as a minority investor in Skybell extends Skybell's attorney-client privilege with Cole Schotz to cover the 2023 Discussions.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Protective Order (Dkt. #71) is hereby **GRANTED**.

It is further **ORDERED** that to the extent Defendants continue to seek discovery from Plaintiff on issues concerning the 2023 Discussions, any communications, documents, and/or emails related to litigation funding shall be excluded from discovery.

It is further **ORDERED** that any subsequent deposition of Plaintiff shall be limited to 15 minutes.

**IT IS SO ORDERED.**

**SIGNED this 20th day of November, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE